UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COALITION TO PROTEST THE DEMOCRATIC NATIONAL CONVENTION, ANSWER BOSTON, USWA LOCAL 8751, NEW ENGLAND HUMAN RIGHTS ORGANIZATION FOR HAITI, WOMEN'S FIGHT BACK NETWORK, INTERNATIONAL ACTION CENTER, UNION OF MINORITY NEIGHBORHOODS, GREATER ROXBURY WORKERS ASSOCIATION, CHELSEA UNITING AGAINST THE WAR, STONEWALL WARRIORS, CHUCK TURNER, AND FELIX ARROYO,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BOSTON, RICHARD LORING, ANDREA D'AMATO, PATRICIA MALONE,<br><br>Defendants. | 04 - 11608 DPW<br><br>MAGISTRATE JUDGE Alexander<br><br>Civil Action No. |

## COMPLAINT

This action is brought pursuant to 42 U.S.C. § 1983 to seek declaratory and injunctive relief for the deprivation by the defendants of rights secured to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution. The plaintiffs are political activists seeking to demonstrate their opposition to the platform of the Democratic Party through a symbolic march to the site of the Democratic National Convention ("DNC"). To do this, they have planned to hold a rally on the Boston Common and to march from there to the Fleet Center, passing along a stretch of Causeway Street ("Causeway"), the only street open to the public that fronts the DNC site, and then returning to the Common. The route has been chosen by the plaintiffs for the express purpose of creating a visible symbol of protest at the DNC's doorstep. Although Causeway will be closed to cars and will be freely accessible to the general public -- including demonstrators -- the

defendants, without justification and in violation of the First and Fourteenth Amendments of the United States Constitution, rejected the plaintiffs' parade application.

## JURISDICTION AND VENUE

1. Because this action arises out of the Constitution and laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(b)(3).

## PARTIES

3. Plaintiff Coalition to Protest the Democratic National Convention (the "Coalition"), is an unincorporated voluntary association of activist groups and individuals, organized for purposes of demonstrating in protest at the Democratic National Convention ("DNC"). The member of the Coalition are the plaintiffs set forth below.

4. Plaintiff Act Now to Stop War and End Racism - Boston ("ANSWER Boston"), is an unincorporated voluntary association with members in and around Boston.

5. Plaintiff United Steel Workers of America Local 8751 Boston School Bus Drivers ("Local 8751") is an unincorporated voluntary association with members in and around Boston.

6. Plaintiff New England Human Rights Organization for Haiti ("NEHROH") is an unincorporated voluntary association with members in and around Boston.

7. Plaintiff Women's Fight Back Network ("WFBN") is an unincorporated voluntary association with members in and around Boston.

8. Plaintiff International Action Center ("IAC") is an unincorporated voluntary association with members in and around Boston.

9. Plaintiff Union of Minority Neighborhoods is an unincorporated voluntary association with members in and around Boston.

10. Plaintiff Greater Roxbury Workers Association is an unincorporated voluntary association with members in and around Boston.

11. Plaintiff Chelsea Uniting Against the War is an unincorporated voluntary association with members in and around Boston.

12. Plaintiff Stonewall Warriors is an unincorporated voluntary association with

LITDOCS/560383.1               2

members in and around Boston.

13. Plaintiff Chuck Turner is a Boston City Councilor.

14. Plaintiff Felix Arroyo is a Boston City Councilor.

15. Defendant City of Boston (the "City") is a political body incorporated under the laws of the Commonwealth of Massachusetts.

16. Defendant Richard W. Loring ("Loring") is an official with the Boston Transportation Department. On information and belief, Loring is responsible for the issuance or denial of parade permits in the City, and for the creation and implementation of the City's policies concerning such permits.

17. Defendant Andrea d'Amato ("d'Amato") is the City of Boston Commissioner of Transportation. On information and belief, d'Amato is responsible for the issuance or denial of parade permits in the City, and for the creation and implementation of the City's policies concerning such permits.

18. Defendant Patricia Malone ("Malone") is a Director in the City of Boston Mayor's Office of Consumer Affairs and Licensing ("OCAL"). On information and belief, Malone is responsible for the issuance or denial of parade permits in the City, and for the creation and implementation of the City's policies concerning such permits.

19. All Defendants are sued in their official and their individual capacities.

## ADDITIONAL FACTUAL ALLEGATIONS

20. On behalf of the Coalition, on or about June 11, 2004, ANSWER Boston filed an application (the "July 25th Application") to hold a rally and a parade on Sunday July 25, 2004, during the DNC at the Fleet Center in Boston. . A true and correct copy of the July 25th Application is attached as Exhibit A to the Affidavit of Steve Kirschbaum in Support of Motion for Preliminary Injunction ("Kirschbaum Aff.").

21. On behalf of the Coalition, on or about June 11, 2004, ANSWER Boston filed applications (the "July 26 - 29 Application") for additional rallies and parades to take place on each of July 26 - 29, 2004. True and correct copies of the July 26 - 29 Applications are attached hereto as Exhibit B to the Kirschbaum Aff.

22.  An essential purpose of the requested rallies and parades is for the members of the Coalition to express their political message to officials, delegates, and observers of the DNC, including the news media.

23.  Although the plaintiffs represent diverse political issues and agendas, they are joining together as a cohesive group under the umbrella of the Coalition, to express their shared belief and message of strong opposition to the platform and policies of the Democratic Party.

24.  The event organizers indicated on the July 25 Application that they expect the parade to attract approximately 2000 people.

25.  Because the July 26 - 29 parades will occur during the week, the event organizers expect a much lower turnout on those days.

26.  The event organizers submitted a proposed parade route with each application. On July 25, the proposed route starts at the Boston Common and ends with a leg on Causeway Street that passes in front of the DNC site at the Fleet Center, before circling back to the Common. *See* Kirschbaum Aff. Exhibit A. Because the July 26 - 29 events originate at Faneuil Hall and Government Center, the proposed routes are slightly different, but each includes the Causeway Street let. *See* Kirschbaum Aff. Exhibit B.

27.  According to the City, during the DNC, half of Causeway Street will be built reserved as pedestrian zone that will be open to the general public, including for spontaneous protests. Causeway Street will be closed to motor vehicle traffic.

28.  The plaintiffs' proposed parade route was not selected at random. Rather it was selected because of the symbolic value of the route itself, starting at the Boston Common, one of Boston's most well-known symbols of the people's power, and terminating at the doorstep of the Democratic Party.

29.  Moreover, the proximity of Causeway Street to the Fleet Center is essential to enabling the demonstrators to convey their message to the intended audience, to wit, Convention officials, delegates, and observers, including the news media.

30.  The fact that the Causeway Street route directly abuts the DNC site permits the demonstrators to make a statement about the DNC and to the DNC. That message is diluted or lost

altogether if the route is confined to an area well away from the DNC site. The physical location of the proposed route is an integral part of the plaintiffs' message.

31. Sometime after June 11, 2004, but prior to June 24, 2004, Defendant Malone's office notified ANSWER Boston that the plaintiffs' applications had received conditional approval for the rallies, but the parade requests had been denied.

32. On or about June 24, 2004, representatives of the Coalition met with City officials, including the Defendants or their representative, to discuss the plaintiffs' requests for parade permits. The City reiterated the denial of the plaintiffs' applications for permits to march on Causeway Street. However, the City undertook to approve an alternative route.

33. On or about July 7, 2004, the City, through the Transportation Department and Defendants Loring and d'Amato, issued a parade permits for July 25 and July 26 - 29 with a designated parade route that excludes Causeway Street. *See* Kirschbaum Aff. Exhibit C.

34. Instead, the designated route shuttles the Coalition parade through back streets, ultimately proceeding along Rip Valenti Way, an alley that proceeds through a twenty-foot wide passage into an enclosed "Designated Demonstration Zone" (the "Zone"). This entrance to the Zone passes under an overhead roadway with barely six feet of vertical clearance. The City-approved route directs the parade to double back on itself to exit the Zone through the same passageway.

35. The Zone is to be closed off by a double row of "Jersey barriers" topped by an eight-foot fence covered with semi-opaque material. This secured enclosure separates demonstrators in the Zone from arriving delegates and from the Fleet Center located to the north of the Zone.

36. The City-approved route deprives the plaintiffs of any meaningful opportunity to express their views to Convention officials, delegates, and observers, including the news media, by shunting the parade to back streets and alleys, and excluding them from Fleet Center frontage access that is otherwise open to pedestrians and available for political speech. The City-approved route fundamentally alters the nature of the plaintiff's message.

37. The City has expressed two reasons for its decision to deny the plaintiffs' request to march on Causeway Street. First, the City fears that the bars on Causeway Street might lose business due to the passage of a parade and might later sue the City. Second, the City is concerned that it

would be difficult to evacuate Causeway Street in the event of an emergency.

38. On information and belief, the City routinely grants permits for parades, large and small, in areas that are chiefly of a business character and are normally subject to congestion and commercial activity.

39. Any evacuation issues that might relate to Causeway Street cannot reasonably be construed to be greater than evacuation concerns attendant to the enclosed Zone through which the City expects the plaintiffs to march.

40. The City's professed reasons are pretextual and do not justify the restrictions the City has placed on the plaintiffs' efforts to engage in political discourse during the DNC.

## COUNT I

(Violations of the First and Fourteenth Amendments to the
United States Constitution and 42 U.S.C. § 1983)

41. The plaintiffs repeat and reallege the allegations in paragraphs 1 through 40, above.

42. Under color of law, the Defendants, or their representatives for whose conduct the Defendants are responsible, denied the plaintiffs' applications for a permit to march on Causeway Street on July 25, 2004, depriving them of the ability to engage in protected political speech.

43. The Defendants' conduct violates the plaintiffs' rights of free speech and assembly under the First and Fourteenth Amendments to the United States Constitution.

(The rest of this page is intentionally left blank.)

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully request that the Court:

a) Declare that the Defendants violated the plaintiffs' rights under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983;

b) Issue an injunction ordering the Defendants to grant the plaintiffs a parade permit on substantially the terms requested in the Coalition's applications, attached hereto as Exhibit A and Exhibit B, including but not limited to the Causeway Street leg of the route;

c) Order the Defendant to pay reasonable costs and attorneys fees; and

d) Grant such additional relief as the Court deems just and proper.

Respectfully submitted,

THE COALITION TO PROTEST THE DNC, ANSWER BOSTON, et al.

By their attorneys,

Joseph L. Kociubes, BBO # 276360
Neil G. McGaraghan, BBO # 649704
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

John Reinstein, BBO # 416120
AMERICAN CIVIL LIBERTIES
UNION OF MASSACHUSETTS
99 Chauncy Street
Boston, Massachusetts 02111
(617) 482-3170

John McK. Pavlos, BBO # 641113
PAVLOS & VITALI
142 Main Street
Suite 406
Brockton, Massachusetts 02301
(508) 894-0050

Dated: July 19, 2004

          Jonathan Shapiro  BBO # 454220
          Jeffrey Feuer BBO # 546368
          National Lawyers Guild,
          Massachusetts Chapter
          14 Beacon Street
          Boston, Massachusetts 02108
          (617) 227-7335

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
COALITION TO PROTEST THE DEMOCRATIC NATIONAL CONVENTION, ANSWER BOSTON, USWA LOCAL 8751, NEW ENGLAND HUMAN RIGHTS ORGANIZATION FOR HAITI, WOMEN'S FIGHT BACK NETWORK, INTERNATIONAL ACTION CENTER, CHUCK TURNER, FELIX ARROYO, UNION OF MINORITY NEIGHBORHOODS, GREATER ROXBURY WORKERS ASSOCIATION, CHELSEA UNITING AGAINST THE WAR, STONEWALL WARRIORS

**DEFENDANTS**
THE CITY OF BOSTON, RICHARD LORING, ANDREA D'AMATO, PATRICIA MALONE

**(b)** County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joseph L. Kociubes and Neil McGaraghan
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Attorneys (If Known)
04-11608 DPW

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This action is brought pursuant to 42 U.S.C. §1983 to enforce the plaintiffs' free speech rights under the First and Fourteenth Amendments to the U.S. Constitution.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 7/19/04    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **COALITION TO PROTEST THE DEMOCRATIC NATIONAL CONVENTION, ET AL v. THE CITY OF BOSTON, ET AL**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   04-11608DPW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   **None**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Neil McGaraghan
ADDRESS           BINGHAM McCUTCHEN LLP
                  150 Federal Street
                  Boston, MA 02110
TELEPHONE NO.     (617) 951-8000

(Coversheetlocal.wpd - 10/17/02)