UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE COALITION TO PROTEST THE<br>DEMOCRATIC NATIONAL CONVENTION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BOSTON, et al.,<br><br>Defendants. | CIVIL ACTION<br>NO. 04-11608 |

## AFFIDAVIT OF NEIL MCGARAGHAN, ESQ.

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts and I a member of the bar of the United States District Court for the District of Massachusetts. I am an associate in the law firm of Bingham McCutchen LLP ("Bingham"). Bingham and the American Civil Liberties Union of Massachusetts ("ACLU") are the lead attorneys of record for the plaintiffs in the above-captioned action.

2. The facts stated herein are based on my personal knowledge.

3. The plaintiffs retained Bingham and the ACLU to represent them in their efforts to obtain permission from the City of Boston to organize a rally and parade along Causeway Street in Boston during the Democratic National Convention ("DNC"). I was the primary Bingham attorney working on this matter. I was assisted by a summer associate from Harvard Law School, Erik Heining.

4. I am familiar with the time keeping practices at Bingham and the customary billing rates of the attorneys who worked on this matter. I have reviewed the statement of Bingham's fees and costs for this matter to ensure that the fees and costs incurred were appropriate. A true and accurate copy of the statement of Bingham's fees and costs is attached

hereto as Exhibit A.  As indicated on Exhibit A, Bingham the combined fees and costs Bingham seeks total $41,225.69.

5.  As reflected in the time charges shown on Exhibit A, I was the primary billing attorney on the case, and handled most aspects of the representation.  Mr. Heining provided targeted research and drafting assistance, especially in the final stages of the litigation due to time constraints imposed by the impending commencement of the DNC.

6.  My usual and customary billing rate during this case was $360 per hour.  Mr. Heining's usual and customary billing rate during this case was $210 per hour. As indicated on Exhibit A, Mr. Heining and I incurred combined fees of $35,772.

7.  As indicated in Exhibit A, I billed a total of 81.40 hours to this case, which resulted in billings of $29,304.  I received a Juris Doctor degree in 1999 from the University of California, Hastings College of the Law.  I was admitted to the Bar of the State of California in 1999, and served for one year as a law clerk to the Honorable William W Schwarzer of the United States District Court for the Northern District of California.  I was admitted to the bar of the Supreme Judicial Court of Massachusetts in 2001, and have practiced general commercial litigation.  I have both sought and opposed preliminary injunctions, and have argued cases in both state and federal court.  I have also represented clients in other First Amendment civil rights cases against state officials.

8.  As indicated in Exhibit A, Mr. Heining billed a total of 30.80 hours to this case, which resulted in billings of $6,468.  At the time of his work on this matter, Mr. Heining was between his first and second years at Harvard Law School.

9.  As indicated in Exhibit A, from July 16, 2004, through July 22, 2004, Bingham's representation of the plaintiffs in connection with this matter resulted in costs of $5,453.69, of which $4,840.76 was for necessary electronic legal research.  The research was conducted under very tight time constraints, and was necessary to fully and fairly address the important issues raised by this case.  The balance of the costs incurred was for filing fees, routine and necessary photocopies, fax transmissions, couriers, and the like.

-3-

10.     Bingham was initially engaged in April 2004 to assist the ACLU in its efforts to cause the City of Boston to modify the permit policy the City of Boston had instituted specifically to govern public gatherings during the Democratic National Convention. As indicated on Exhibit B, Bingham began incurring fees and costs in connection with this engagement on April 8, 2004. The time entries between April 8, 2004, and July 11, 2004, reflect Bingham's negotiations with City of Boston (Mr. Lyons) and Boston Police Department (Ms. Harris) representatives, legal research and analysis of pertinent First Amendment issues, and strategy consultation with the ACLU (Ms. Rose, Ms. Wunsch, and Mr. Reinstein). Bingham McCutchen is not seeking reimbursement of these substantial fees incurred between April 8, 2004, and July 11, 2004.

11.     Rather, Bingham seeks reimbursement only for $41,225.69 of fees and costs incurred from July 12, 2004, through July 22, 2004. The fees incurred during that period reflect time spent meeting and conferring with our client (ANSWER Coalition), meeting with City of Boston and Boston Police Department officials in an effort to resolve the dispute without involvement of the Court, drafting affidavits, the complaint, and preliminary injunction papers, researching the challenging legal issues presented by the case, conducting site visits, preparing for and attending the preliminary injunction hearing, and researching and drafting appeal and stay papers to be filed in the event of an emergency appeal of an adverse ruling.

Sworn to under the penalty of perjury this 1st day of June 2005.

/s/ Neil McGaraghan
Neil McGaraghan